**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JESSICA WALKER                                                                                              PLAINTIFF

v.                                                      NO. 4:10CV00314 JLH

KEITH COKER, *et al.*                                                                                    DEFENDANTS

**ORDER**

Plaintiff, currently held at the Pulaski County Detention Facility, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on April 30, 2010.

**I.  Screening**

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must

be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Plaintiff named as Defendants three attorneys who represent or have represented her in a criminal matter: Keith Coker, Pamela Panasiak, and Paul Ford. According to Plaintiff, Coker and Panasiak lied to her and had her sign papers without her knowing the crime for which she was charged. Plaintiff alleges that she paid Ford, who quit, apparently without earning the money he was paid.[1] Plaintiff asserts that all three Defendants acted in such a manner because of her "learning disability and color."

To state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived her of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Defendants herein were retained by Plaintiff in her criminal case. An attorney, even an appointed public defender, does not act under color of state law when performing the traditional functions of a defense counsel. *See Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (conduct of retained or appointed counsel in representing clients does not constitute state action for purpose of § 1983). *See also Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("[I]t is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make

---

[1] It appears that Plaintiff's complaints regarding her representation arose from *USA v. Walker*, ED/AR No. 4:09CV18. Ford represented Plaintiff in that matter until August 17, 2009, when an order was entered granting Plaintiff's motion to substitute Panasiak, whose name in that case is spelled "Panasiuk," as counsel of record. On September 15, 2009, Coker entered an appearance as co-counsel in that case. Plaintiff ultimately entered into a plea agreement in that matter.

closing arguments in behalf of defendants. All of these are adversarial functions"). Accordingly, Plaintiff's claims must be dismissed because the Defendants she has named are not state actors.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 5th day of May, 2010.

*/s/ J. Leon Holmes*
UNITED STATES DISTRICT JUDGE